

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Diep Nguyen<br>*Assistant Corporation Counsel*<br>Tel: (718)724-5233 |

September 30, 2020

**VIA ECF**
Honorable Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

10/1/2020
A 90-day stay is granted. Plaintiff is directed to provide attorney billing records no later than October 5, 2020. SO ORDERED.

*/s/ Paul A. Crotty*

Re: *I.O. obo G.O. v. N.Y.C. Dep't of Educ.*, 20-cv-5061(PAC)(SN)

Dear Judge Crotty:

    I am an Assistant Corporation Counsel in the office of Corporation Counsel James E. Johnson, attorney for Defendant in the above-referenced action wherein Plaintiff seeks attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), as well as for this action.

    I write to respectfully request a 90-day stay of this action pending Plaintiff's counsel's provision to Defendant of relevant attorney billing records, and to respectfully request that Plaintiff be directed to provide billing records no later than September 29, 2020. Over the past two weeks, due to long delays by Plaintiff's counsel across many cases, four Judges of the Southern District have imposed 90-day stays, and ordered the Roller Firm to provide relevant attorney billing records within a week's time. *See* Order dated September 28, 2020 from Judge Paul A. Engelmayer in *J.S. obo M.S. v. NYC DOC, 20-cv-2105* (PAE)(JLC) (ECF 10), annexed hereto; Order dated September 25, 2020, from Judge Failla in *F.S. obo D.M. v. NYC DOE*, 20-cv-4538 (KPF)(OTW) (ECF 9), annexed hereto (noting "the Court's familiarity with Ms. Roller's *modus operandi*"); Order dated September 24, 2020, from Judge McMahon in *D. v. DOE*, 20-cv-00694 (CM) (ECF No. 14); order dated September 11, 2020, from Judge Failla in *D. v. DOE*, 20-cv-2238 (KPF)(GWG) (ECF No. 14); and Order dated September 11, 2020, from Judge Woods in *T. v. DOE*, 20-cv-3816 (GHW)(RWL) (ECF No. 13) (granting request in part).

    By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between plaintiff's counsel and the DOE without the need for a federal action. Of the small portion of fee claims that do not resolve through settlement with DOE, once a federal action is filed they are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice.

This case, and many others filed by the Roller firm, are outliers in that Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit. Indeed, since the onset of the COVID-19 pandemic, Ms. Roller has filed 25 new actions seeking solely IDEA fees and costs, and, has an additional half dozen others filed in 2019 and early 2020, yet has only provided billing records in just a few of those cases to date.

The complaint was filed on July 1, 2020. On August 13, 2020, Defendant filed a request for an extension of time to answer (ECF No. 4), with the Plaintiff's consent, so that the parties could engage in settlement negotiations. The Court granted that request on August 14, 2020 (ECF No. 5). Unfortunately, settlement negotiations have not begun because Plaintiff has not provided relevant billing records, despite Defendant's repeated requests for them.

We do not understand Plaintiff's delay. The records at issue should be easy to produce as they are required to be prepared *contemporaneously* with the work plaintiff's counsel purports to have performed in the underlying proceeding. Indeed, on September 11, 2020, Judge Woods granted, in-part, the City's motion for a stay after a conference during which Ms. Roller agreed to produce billing record in that case no later than today. As Judge Woods appears to have recognized, it is unclear why counsel is delaying in providing the attorney billing records:

> As a brief aside for counsel for plaintiff, if you are running these cases, the underlying hearings, if you're keeping contemporaneous time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print." What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*See* 20-cv-3816 (GHW)(RWL) transcript 9/11/20 excerpt annexed hereto.

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days. Therefore, Defendant respectfully requests that this action be stayed for 90 days, and that Plaintiff's counsel be directed to provide attorney billing records no later than October 5, 2020.

Thank you for considering these requests.

Respectfully submitted,

*/s/*
Diep Nguyen
Assistant Corporation Counsel

cc:   Irina Roller, Esq. (via ECF)