**Form of Pretrial Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

I.O. individually and on behalf of his child
G.O. a minor,

                         Plaintiffs,

  -against -

                                                    Hon. Paul A. Crotty

NEW YORK CITY DEPARTMENT OF EDUCATION,

                         Defendant.
_____X

                         20 Civ. 05061 (PAC)

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 15, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

### I.  NATURE OF THE CASE

Plaintiffs are "prevailing parties" under the Individuals with Disabilities Education Act (IDEA), following their Due Process trial against the New York City Department of Education (DOE).  Plaintiffs are entitled to reasonable attorneys' fees and costs under the IDEA's fee-shifting provision.

The Law Offices of Irina Roller, PLLC (Roller Law), represented Plaintiffs in the Due Process trial.

As discussions between counsel for the parties indicated that settlement would not be possible, the parties ask the Court to determine whether Roller Law's requested fees are reasonable.

### II.  JURY / NON-JURY

No jury is demanded.

### III. STIPULATED FACTS

1. Plaintiffs filed a petition for due process under the Individuals with Disabilities Education Act (IDEA) and prevailed in their due process hearing.

2. An impartial hearing officer found that the District did not provide G.O. a free and appropriate education (FAPE).

3. The hearing officer also found that G.O.'s private placement at York Preparatory School was appropriate.

4. The hearing officer also found that there were no equitable considerations that weighed against full tuition reimbursement.

5. The District did not appeal that decision and it is now final.

6. Plaintiffs are "prevailing parties" under the IDEA.

7. Plaintiffs are entitled to Attorneys' fees under the IDEA.

8. The parties do not dispute the accuracy of the individual line entries of the billing records furnished by Plaintiff's counsel to Defendant's counsel.

9. Irina Roller has been practicing law for more than 20 years and special education law for 15 years.

10. Irina Roller is the founder of Law Offices of Irina Roller, P.C.

11. Benjamin Hinerfeld has been practicing law for more than 20 years and special education law for 13 years.

12. Benjamin Hinerfeld is the founder of the Law Offices of Benjamin J. Hinerfeld.

## IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following contentions of the parties:

A. **Plaintiff's Contentions**

Plaintiffs contend:

(1) Roller Law's lodestar (attorney hourly rates multiplied by hours billed) is reasonable.

B. **Defendant's Contentions**

Defendant contends:

(1) Roller Law's lodestar (attorney hourly rates multiplied by hours billed) exceeds the prevailing most economical rate for attorneys representing plaintiffs in IDEA litigation in this District, and include cost demands excludable under the prevailing law of this District.

## V. ISSUES TO BE TRIED

The sole issue to be tried is the reasonableness of Roller Law's lodestar.

## VI. PLAINTIFF'S EXHIBITS

1. Invoices – Hearing Legal Fees and Federal Fees
2. Transcript – Hearing Transcript from 05/25/2017
3. Findings of Fact and Decision – Decision rendered 07/3/2017
4. Plaintiff Letter – Letter to Emily Goldman, Esq Re: Settlement Fees
5. Resumes/CVs – Current and former employees of Law Offices of Irina Roller, PLLC

6. Resume/CV of Benjamin Hinerfeld
7. Resume/CV of Gary Mayerson
8. Email Correspondence – Plaintiff Email Correspondence with New York City Law Department

## VII. DEFENDANT'S EXHIBITS

Defendant's exhibits will be used for cross-examination purposes and need not be listed here.

## VIII. STIPULATIONS AND OBJECTIONS TO EXHIBITS

[If there are to be objections, such objections should be noted with an asterisk, and the grounds for the objection (authenticity, relevancy, etc.) specified. Any objections not set forth herein <u>will be considered waived</u> absent good cause shown.]

[The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and grounds therefor.]

Defendant stipulates to the admissibility of Plaintiff's Exhibits 1 through 6

*Defendant objects to Exhibit 7 as it is irrelevant in light of Defendant's objections to Gary Mayerson's testimony

*Defendant objects to Plaintiff's Exhibit 8 as being inadmissible pursuant to FRE 408.

*Plaintiffs dispute that Rule 408 applies to Exhibit 8.*

## IX. PLAINTIFF'S WITNESS LIST

- Irina Roller – Founder and Lead Attorney at Law Offices of Irina Roller
- Ben Hinerfeld – Of Counsel to Law Offices of Irina Roller
- Gary Mayerson – Founder of Mayerson & Associates

## X. DEFENDANT'S WITNESS LIST

Defendant is not calling witnesses.

## XI. MOTIONS IN LIMINE

The Defendant objects to testimony by Gary Mayerson as a purported expert – about whom it was notified the day prior to trial – as Plaintiff purports to provide expert testimony on a legal issue. Moreover, Plaintiff provided no disclosure regarding Gary Mayerson's potential testimony pursuant to F.R.C.P. 26(a)(2), or any explanation for the basis of his purported expertise. To the extent his anticipated testimony concerns the general practice of special education law in this District, such testimony would be cumulative or inappropriate lay opinion.

Plaintiffs' position: Plaintiffs are calling Mr. Mayerson as a lay witness offering facts in support of Plaintiffs' motion, and a lay opinion under Rule 701. He has unique, personal knowledge of the subject matter of this trial.

## XII. ADDITIONAL REQUIREMENTS IN JURY CASES

## XIII. RELIEF SOUGHT

Plaintiffs seek legal fees in the amount of 15,950 + filing fee

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Dated: New York, New York
       June 22, 2021